IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCISCO NEGRON, FF-6163, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 05-368J |
| | ) | Judge Kim R. Gibson |
| FREDERICK ROSEMEYER, | ) | Magistrate Judge Lenihan |
| Respondent. | ) | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that the Respondent's Motion to Change Venue (doc. no. 4) be granted and this action be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2241(d).

II.    REPORT

Petitioner, Francisco Negron, a state prisoner incarcerated a the State Correctional Institution at Somerset, Pennsylvania, brings this habeas corpus petition pursuant to 28 U.S.C. § 2254. The conviction and sentence at issue in the Petition was imposed by the Court of Common Pleas of Philadelphia County, Pennsylvania. Petitioner is incarcerated in this district although his conviction was obtained in the Court of Common Pleas of Philadelphia County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

Under 28 U.S.C. § 2241(d), the Petitioner's Habeas Petition could have been filed either in this district, where he is held in custody, or in the Eastern District of Pennsylvania, the district in which his conviction was obtained. The United States District Court for the Eastern District of Pennsylvania has jurisdiction over the county in which the state court records are located, as well as the district attorney of the county that prosecuted Petitioner, his trial counsel, and any relevant witnesses. 28 U.S.C. § 2241(d) provides that "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." In addition, Section 1404 of Title 28 grants district courts discretion to transfer cases to any other district where the action may have been brought.

A federal court must review the entire state court record when reviewing a petition for a writ of habeas corpus to determine whether the petitioner has exhausted his state court remedies and whether he has committed procedural default barring federal review of his claims. When the state court opinions are silent, "we examine the pretrial, trial and appellate briefs submitted to the state court." Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). *See also* Swanger v. Zimmerman, 750 F.2d 291, 295-97 (3d Cir. 1984) (when the district court denied the

2

petition for failure to exhaust state remedies, the Court of Appeals disagreed and, because it could not determine without the entire state record whether the petitioner had committed procedural default, it remanded to the district court to make this determination).

Petitioner was convicted and sentenced in Philadelphia County. Accordingly, all of the records necessary to appropriately dispose of this case are located in Philadelphia County. In addition, it is more likely than not that any potential witnesses are located in Philadelphia County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania Court. Furthermore, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district in which the county is located in which the petitioner was convicted. For these reasons, it is respectfully recommended that the Respondent's Motion to Change Venue (doc. no. 4) be granted and this action be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2241(d).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for

Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
United States Magistrate Judge

Dated:      January  9 , 2006

cc:      Kim R. Gibson
         United States District Judge

         FRANCISCO NEGRON, FF-6163
         SCI Laurel Highlands
         5706 Glades Pike
         P.O. Box 631
         Somerset, PA 15501

4